USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN DOE,

Plaintiff,

-against-

METROPOLITAN LIFE INSURANCE COMPANY,

Defendant.

26-cv-04079 (MKV)

ORDER DENYING MOTION TO PROCEED UNDER A PSEUDONYM

MARY KAY VYSKOCIL, United States District Judge:

In violation of Rule 10(a) of the Federal Rules of Civil Procedure and Rule 6.14 of the S.D.N.Y. Electronic Case Filing Rules & Instructions, Plaintiff "John Doe" filed this action under a pseudonym without leave of the Court against Defendant Metropolitan Life Insurance Company. [ECF No. 1 ("Compl.")]. Simultaneously with his Complaint, Plaintiff filed a motion to proceed under a pseudonym, [ECF No. 3], and a memorandum of law ("Mem.") in support. [ECF No. 4]. For the reasons set forth below, Plaintiff's motion to proceed under a pseudonym is DENIED.

**BACKGROUND**

Plaintiff brings this case, pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C §§ 1001, *et seq.*, challenging Defendant's determination to reduce and ultimately discontinue his long-term disability benefits under the terms of a policy that Defendant issued and administered. Compl. ¶¶ 1, 11. Plaintiff alleges that his disability traces back to 2007 when medication complications led to a subdural hematoma, which ultimately caused him to suffer a stroke. Compl. ¶ 21. Plaintiff alleges that the stroke has caused lasting cognitive defects (including difficulties with concertation, attention and focus), vision loss, balance and coordination issues, chronic pain, and psychiatric issues. Compl. ¶ 22. Plaintiff also alleges that the stroke has

caused him to experience significant mental health effects including suicidal ideation, sleep disruption and chronic fatigue. Compl. ¶ 22. Further, Plaintiff's complaint includes alleged statements made by his treating physicians concerning his medical conditions and findings by the United States Social Security Administration when adjudicating a related claim for Social Security Disability Insurance benefits. Compl. ¶¶ 22–25, 48–54.

## LEGAL STANDARD

Rule 10 of the Federal Rules of Civil Procedure provides that a "complaint must name all the parties." Fed. R. Civ. P. 10(a); *see also Publicola v. Lomenzo*, 54 F.4th 108, 112 (2d Cir. 2022); *United States v. Pilcher*, 950 F.3d 39, 45 (2d Cir. 2020). This Rule "serves the vital purpose of facilitating public scrutiny of judicial proceedings." *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 188 (2d Cir. 2008). It "cannot be set aside lightly." *Id.* at 189. As the Second Circuit has explained, "[t]he people have a right to know who is using their courts." *Id.* (quoting *Doe v. Blue Cross & Blue Shield United*, 112 F.3d 869, 872 (7th Cir. 1997)). Indeed, this right is "supported by the First Amendment." *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 404 (S.D.N.Y. 2019) (quoting *Doe v. Delta Airlines, Inc.*, 310 F.R.D. 222, 224 (S.D.N.Y. 2015), *aff'd*, 672 F. App'x 48 (2d Cir. 2016)).

In limited circumstances, a district court has discretion to grant an exception to the "general requirement of disclosure of the names of parties" to permit a party to proceed under a pseudonym. *Sealed Plaintiff*, 537 F.3d at 189 (internal quotation marks, citation, and brackets omitted). The question for the court is whether the plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* (quoting *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001)). The court must also consider the interests of the opposing party. *Id.* ("the interests of both the public

and the opposing party should be considered."). Moreover, plaintiffs "seeking anonymity" must offer the court "more than just 'mere speculation'" about the competing interests at stake. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405 (quoting *United States v. UCB, Inc.*, No. 14-CV-2218, 2017 WL 838198, at *3 (S.D.N.Y. 2017)).

The Second Circuit has enumerated a "non-exhaustive" list of factors to determine whether a plaintiff's interest in anonymity outweighs the interests of both the public and the defendant. *Sealed Plaintiff*, 537 F.3d at 189. The *Sealed Plaintiff* factors are: (1) "whether the litigation involves matters that are highly sensitive and of a personal nature"; (2) "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties"; (3) "whether identification presents other harms"; (4) "whether the plaintiff is particularly vulnerable . . . , particularly in light of his age"; (5) "whether the suit is challenging the actions of the government or that of private parties"; (6) "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously"; (7) "whether the plaintiff's identity has thus far been kept confidential"; (8) "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity"; (9) "whether, because of the purely legal nature of the issues presented . . . , there is an atypically weak public interest in knowing the litigants' identities"; and (10) "whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff." *Id.* at 190 (internal quotation marks and citations omitted) (alterations adopted). A district court is not required to discuss every factor or "use any particular formulation" provided that it "balance[s] the interests at stake." *Id.* at 191 n.4.

## ANALYSIS

### I. Weighing the *Sealed Plaintiff* Factors

### A. Factor 1: Plaintiff's Case Arguably Involves "Highly Sensitive or Personal" Matters

Plaintiff argues he should be permitted to proceed under a pseudonym because his mental and physical health conditions are at the center of this case. Mem. at 4-6. Because this case involves Plaintiff's mental health issues, including suicidal ideation, it arguably involves sensitive and personal matters. *See P.D. v. Sullivan*, 2024 WL 1719890, at *2 (S.D.N.Y. Apr. 22, 2024) ("There is little question that the instant case involves matters that are highly sensitive and of a personal nature—medical and mental health information are undoubtedly so."); *Doe v. Barr*, 479 F. Supp. 3d 20, 26 (S.D.N.Y. 2020) (noting "history of mental illness" among other facts were "highly sensitive and personal"). However, courts in this district have noted that "[d]isability is not typically considered 'highly sensitive.'" *Doe v. Black Diamond Cap. Mgmt. LLC*, No. 22-CV-03194 (PGG) (BCM), 2023 WL 2648017, at *4 (S.D.N.Y. Mar. 27, 2023) (collecting cases); *Vega v. HSBC Sec. (USA) Inc.*, No. 22-CV-03194 (PGG) (BCM), 2019 WL 2357581, at *2 (S.D.N.Y. June 4, 2019) (plaintiff who claimed discrimination based on major depressive disorder and attention deficit disorder was not entitled to proceed under a pseudonym because, although his disability was "of a personal nature," it was not "highly sensitive"). Indeed, the underlying facts here do not concern matters courts typically consider "highly sensitive" warranting proceeding under pseudonyms such as "birth control, abortion, homosexuality or the welfare rights of illegitimate children or abandoned families." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5*, No. 12-cv-6152 (VM)(KNF), 2012 WL 5899331, at *4 (S.D.N.Y. Nov. 26, 2012) (citation and quotation marks omitted). Moreover, there is no evidence that the medical conditions at issue are such that the risk of stigmatization from their public disclosure is so great to warrant proceeding under a

pseudonym. *See Doe v. Zinsou*, No. 19 CIV. 7025 (ER), 2019 WL 3564582, at *5 (S.D.N.Y. Aug. 6, 2019) (noting that plaintiff's "chronic medical conditions, including diabetes" and his severe emotional distress" did not warrant proceeding under a pseudonym); *see also Rankin v. N.Y. Pub. Library*, No. 98 Civ. 4821 (RPP), 1999 WL 1084224, at *1 (S.D.N.Y. Dec. 2, 1999) (collecting cases and denying motion to proceed anonymously where "there [wa]s no evidence in the record that a social stigma [wa]s attached to [p]laintiff's medical conditions in the same manner that one is attached to other medical conditions, such as AIDS"); *Doe v. CareMount Med. P.C.*, No. 21-CV-7453 (LTS), 2021 WL 4940995, at *2 (S.D.N.Y. Sept. 27, 2021) ("[T]he fact that a case involves a medical issue is not sufficient reason for allowing the use of a fictitious name, even though may [sic] people are understandably secretive about their medical problems.") (citation omitted).

In any event, even if Plaintiff's case involves highly sensitive and personal information, this factor is not dispositive. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406. Many courts in this District have denied motions to proceed under a pseudonym despite concluding that the plaintiff's allegations were highly sensitive and personal. *See id.* at 408; *Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996) (denying motion despite concluding that "[i]f the allegations of the complaint are true, plaintiff was the victim of a brutal sexual assault" and "has very legitimate privacy concerns"); *Rapp v. Fowler*, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021); *Doe v. Leonelli*, No. 22-cv-3732 (CM), 2022 WL 2003635, at *2 (S.D.N.Y. June 6, 2022); *Doe 1 v. Branca USA, Inc.*, 2022 WL 2713543, at *2 (S.D.N.Y. July 13, 2022); *Doe v. Townes*, No. 19-cv-8034 (ALC) (OTW), 2020 WL 2395159, at *3, 6, 7 (S.D.N.Y. May 12, 2020).

**B. Factors 2 and 3: Plaintiff's Allegations of Harm Are Insufficient**

The second factor is "whether identification poses a risk of retaliatory physical or mental harm to the [plaintiff] or even more critically, to innocent non-parties." *Sealed Plaintiff*, 537 F.3d at 190. The third factor is "whether identification presents other harms." *Id.* These factors weigh against Plaintiff. Plaintiff asserts public disclosure "risks mental and other serious harm" and that "public disclosure will acutely risk exposing Plaintiff to the public stigma associated with Plaintiff's severe injury and disability and his related mental and physical health diagnoses." Mem. at 6. However, Plaintiff has not submitted any evidence, beyond his mere speculation, that identifying him will cause him harm. He has not attached any evidence from a mental health professional or even submitted a sworn affidavit detailing harm from public disclosure. Plaintiff must offer the Court "more than just 'mere speculation'" to justify proceeding anonymously. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 405. Indeed, courts require "direct evidence linking disclosure of [plaintiff's] name to a specific . . . injury." *See Doe v. Gong Xi Fa Cai, Inc.*, 2019 WL 3034793, at *2 (S.D.N.Y. July 10, 2019). One court in this Circuit allowed a plaintiff to proceed anonymously where she submitted evidence from a medical professional who predicted that requiring disclosure of her name would cause "psychological and emotional pain so intense that it would threaten her stability, her safety, and even her life." *Doe v. Smith*, 105 F. Supp. 2d 40, 43 (E.D.N.Y. 1999). In contrast, Plaintiff here has not submitted any evidence from a mental health professional and has not alleged such sever harm. *See Doe v. Combs*, No. 24-CV-08810 (LAK), 2025 WL 268515, at *3 (S.D.N.Y. Jan. 22, 2025); *see also, Doe v. Epiq eDiscovery Sols., Inc.*, No. 24-CV-9880 (MKV), 2025 WL 2613826, at *3 (S.D.N.Y. Sept. 10, 2025) (denying motion to proceed under a pseudonym).

Moreover, to the extent Plaintiff argues public disclosure will harm his professional career, it is well-established that Plaintiff's "conclusory statements and speculation" about harm to his employment prospects are insufficient. *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 406; s*ee also Townes*, 2020 WL 2395159, at *4 ("[C]ourts have consistently rejected anonymity requests predicated on harm to a party's reputational or economic interests.") (citation omitted).

In short, Plaintiff "has chosen to bring this lawsuit" against Defendant and, as such, he "has put [his] credibility in issue." *Shakur*, 164 F.R.D. at 361. Defendants are, therefore, entitled to investigate his background and challenge his allegations and his credibility. *See id.*

**C. Factor 4: Plaintiff's Age Weighs Against Anonymity**

The fourth *Sealed Plaintiff* factor is whether Plaintiff is especially vulnerable, "particularly in light of his age." *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff is an adult and has not identified any reason for the Court to treat him as more vulnerable than other adult plaintiffs who challenge a denial of disability benefits. Thus, the fourth factor weighs against Plaintiff's request to proceed under a pseudonym. *See Townes*, 2020 WL 2395159, at *5 (S.D.N.Y. May 12, 2020).

**D. Factor 5: Defendants' Status as Private Parties Weighs Against Anonymity**

The fifth *Sealed Plaintiff* factor is whether the suit challenges the actions of the government or that of private parties. *Sealed Plaintiff*, 537 F.3d at 190. Courts are loathe to grant a motion to proceed anonymously against private parties. *See Townes*, 2020 WL 2395159, at *5; *Rapp*, 537 F. Supp. 3d at 532. The Defendant here is a private party. As such, factor five weighs against Plaintiff.

**E. Factor 6: Prejudice to Defendants Weighs Against Anonymity**

The sixth *Sealed Plaintiff* factor is "whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously." *Sealed Plaintiff*, 537 F.3d at 190. In considering

whether defendants would be prejudiced by a plaintiff proceeding under a pseudonym, courts have weighed "difficulties in conducting discovery," the "reputational damage to defendants," and the "fundamental fairness of proceeding anonymously." *Rapp*, 537 F. Supp. 3d at 531 (quoting *Townes*, 2020 WL 2395159, at *5). Here, Plaintiff asserts that Defendant will not be prejudiced from his proceeding anonymously because he will disclose his identity to Defendant and submit confidential documents under seal when necessary and thus "Defendant will have complete information about Plaintiff's identity and claims." Mem. at 1, 7.

The Court rejects Plaintiff's assertion that Defendant will suffer no prejudice in these circumstances. Indeed, "a defendant is always at a disadvantage when sued by an anonymous plaintiff, such that it must defend itself publicly before a jury while plaintiff could make his accusations from behind a cloak of anonymity." *Doe v. Black Diamond Cap. Mgmt. LLC*, No. 22-CV-03194 (PGG) (BCM), 2023 WL 2648017, at *5 (S.D.N.Y. Mar. 27, 2023) (citation and alterations omitted); *see also Doe 1 v. United States*, 732 F. Supp. 3d 291, 298–99 (S.D.N.Y. 2024), *reconsideration denied*, No. 1:24-CV-1071, 2024 WL 3738626 (S.D.N.Y. Aug. 8, 2024) (rejecting conclusory assertion that Defendant would not be prejudiced because Defendant would know Plaintiff's identity). Indeed, Defendant could well be prejudiced throughout this litigation from discovery to trial. *See Doe 1,* 732 F. Supp. 3d at 299 (noting Defendant may be prejudiced in discovery even if they knew the identity of the plaintiffs proceeding pseudonymously because Defendant would "need to disclose Plaintiffs' names to at least some third parties if [it] intends to take non-party depositions"); *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407 (noting in a case where Defendants already knew Plaintiff's identity that Plaintiff's anonymity would nonetheless still "make it more difficult to obtain witnesses and witness testimony, Defendants would have less leverage in settlement negotiations, and Defendants would not be able to fully and adequately

cross-examine the Plaintiff."); *Black Diamond*, 2023 WL 2648017 at *5 (noting Defendant would be prejudiced at trial even if it knew Plaintiff's identify given "a judicial grant of anonymity may imply that plaintiff is more credible"). Moreover, "this unorthodox arrangement" of Defendant being aware of the Plaintiff's identity "still runs against the public's traditional right of access to judicial proceedings." *Doe v. Weinstein*, 484 F. Supp. 3d 90, 97 (S.D.N.Y. 2020) (quoting *Michael v. Bloomberg L.P.*, 14-cv-2657, 2015 WL 585592, at *4 (S.D.N.Y. Feb. 11, 2015)). Thus, the sixth factor does not weigh in Plaintiff's favor.

**F. Factor 7: That Plaintiff May Have Kept His Identity Confidential Is Not Dispositive**

The seventh *Sealed Plaintiff* factor is "whether the plaintiff's identity has thus far been kept confidential." *Sealed Plaintiff*, 537 F.3d at 190. If confidentiality has not been maintained, courts typically reject a motion to proceed under a pseudonym. *See, e.g.*, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 407; *Rapp*, 537 F. Supp. 3d at 529.

Plaintiff claims he "is not presently known to the larger public" and has "taken steps to keep his identity confidential." Mem. at 9. Assuming that Plaintiff has indeed kept his identity confidential thus far, the Court nonetheless finds that the balance of interests weighs against permitting Plaintiff to proceed under a pseudonym. As this Court has previously held, "courts are open forums to which the public has a right of access" and a Plaintiff cannot expect to litigate his claims without his identity being accessible to the public. *Doe 1*, 732 F. Supp. 3d at 299. In any case, even if this factor weighs in Plaintiff's favor, other considerations foreclose anonymity.

**G. Factors 8 and 9: The Public Interest Weighs Against Anonymity**

The eighth *Sealed Plaintiff* factor is "whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity." *Sealed Plaintiff*, 537 F.3d at 190. The ninth factor is "whether, because of the purely legal nature of the issues presented . . . , there is an

atypically weak public interest in knowing the litigants' identities." *Id.* These factors weigh against granting Plaintiff's motion to proceed under a pseudonym.

Plaintiff argues that his identity "is largely irrelevant to any legitimate public concern" and that his use of a pseudonym "does not impact societal access to the workings of the judiciary. Mem. at 10–11. Plaintiff does not specifically address the ninth factor—whether the claim is purely legal in nature.

Plaintiff's argument is unavailing. As a rule, "lawsuits are public events and the public has a legitimate interest in knowing the facts involved in them. Among those facts is the identity of the parties." *Shakur*, 164 F.R.D. at 361. This is not a case that involves "abstract challenges to public policies, but rather . . . particular actions and incidents." *N. Jersey Media Grp. Inc. v. Doe Nos. 1-5,* No. 12-CV-6152, 2012 WL 5899331, at *8 (S.D.N.Y. Nov. 26, 2012) (internal brackets omitted). Moreover, Plaintiff makes no argument that the public does not have a significant interest in cases involving an alleged denial of a specific individual's disability benefits. Thus, "open proceedings . . . benefit the public as well as the parties." *Id.* Indeed, since the "analysis and litigation in this case will be factual in nature" and the public has an interest in the underlying case, "the eighth and ninth factor weigh against allowing the Plaintiff to proceed anonymously." *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408.

**H. Factor 10: The Availability of Alternative Mechanisms Weigh Against Anonymity**

The tenth and final *Sealed Plaintiff* factor is whether any alternative mechanisms short of proceeding under a pseudonym could protect Plaintiff's interest in confidentiality. *Sealed Plaintiff*, 537 F.3d at 190. Plaintiff, citing a case from the District of Maine, merely asserts that "this is not a case where it would be sufficient to use a protective order to shield disclosure of certain confidential information given that the nature of the confidential information is at the very

heart of the case itself." Mem. at 11 (citing *Doe v. Standard Ins. Co.*, No. 1:15-CV-00105-GZS, 2015 WL 5778566, at *3 (D. Me. Oct. 2, 2015)). However, the cited decision did not address whether there were alternative mechanisms for protecting the plaintiff's confidentiality. *See Standard Ins. Co.*, 2015 WL 5778566, at *3. And here there are alternative means of protecting Plaintiff's confidentiality including redactions to protect particularly sensitive information, *see Doe v. Berg,* No. 15-CV-9787, 2016 WL 11597923, at *3 (S.D.N.Y. Feb. 10, 2016), or a protective order, *Skyline Automobiles Inc.*, 375 F. Supp. 3d at 408. Indeed, in its own memorandum of law, Plaintiff contemplates submitting confidential documents under seal in accordance with a protective order as this litigation progresses. Mem. at 1. Thus, factor ten weighs against Plaintiff's motion.

## II. The Balance of Interests Weighs Against Anonymity

The balance of interests at stake weighs strongly against granting Plaintiff's motion to proceed under a pseudonym. The fundamental question is whether Plaintiff has a "substantial privacy" interest that "outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Sealed Plaintiff*, 537 F.3d at 189. Plaintiff has an arguable interest in keeping his identity private to keep his medical information private and to protect himself from possibly exacerbating his mental health condition and avoiding social stigma that public disclosure may entail. However, Plaintiff has now decided to file a lawsuit in which he seeks to challenge Defendant's determination to reduce and then discontinue his long-term disability benefits. Plaintiff's confidential medical and health-related information can be secured from disclosure as appropriate through redaction, sealing, or a protective order. Defendant has a right to defend itself and not to be publicly exposed and embarrassed while their accuser remains safely behind the cloak of anonymity. *See Sealed Plaintiff*, 537 F.3d at 189; *Pilcher*, 950 F.3d at

42. Moreover, the people have a right to know who is using their courts. *See Stankiewicz v. Universal Com. Corp.*, No. 16-CV-2050 (JGK), 2017 WL 3671040, at *1 (S.D.N.Y. Aug. 9, 2017). Plaintiff has not carried his burden to show that he is entitled to the exceptional remedy of anonymity.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to proceed under a pseudonym [ECF No. 3] is DENIED. Plaintiff shall file a complaint in his own name by December 17, 2026, or this case will be dismissed.

The Clerk of Court is respectfully requested to terminate docket entry 3.

**The parties are reminded that failure to comply with this Order or with any order of the Court or failure to comply with the FRCP, the Local Rules for the SDNY or this Court's Individual Practice Rules, or the parties' discovery or other obligations may result in sanctions, including monetary penalties on counsel and/or the parties, dismissal or preclusion of claims, defenses, arguments, or evidence.**

**SO ORDERED.**

**Date: November 19, 2026**
**New York, NY**

Mary Kay Vyskocil

**MARY KAY VYSKOCIL**
**United States District Judge**